# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| SEGUNDO MARIANO CHACHIPANTA, §<br>§<br>*Petitioner*, §<br>§<br>v. §<br>§<br>MARY DE ANDA-YBARRA, FIELD §<br>OFFICE DIRECTOR OF §<br>ENFORCEMENT AND REMOVAL §<br>OPERATIONS, EL PASO FIELD §<br>OFFICE, IMMIGRATION AND §<br>CUSTOMS ENFORCEMENT; §<br>WARDEN OF ERO EL PASO CAM §<br>EAST MONTANA; TODD M. LYONS, §<br>IN HIS OFFICIAL CAPACITY AS §<br>ACTING DIRECTOR, §<br>IMMIGRATION AND CUSTOMS §<br>ENFORCEMENT, U.S. DEPARTMENT §<br>OF HOMELAND SECURITY; KRISTI §<br>NOEM, IN HER OFFICIAL §<br>CAPACITY AS SECRETARY, U.S. §<br>DEPARTMENT OF HOMELAND §<br>SECURITY; AND PAMELA JO §<br>BONDI, IN HER OFFICIAL §<br>CAPACITY AS ATTORNEY §<br>GENERAL OF THE UNITED STATES, §<br>§<br>*Respondents*. § | No. 3:26-CV-00250-LS |

## ORDER DISMISSING CASE

Respondents have advised the Court that Petitioner has voluntarily departed from the United States.[1] Petitioner filed a petition for a writ of habeas corpus regarding his detention by Immigration and Customs Enforcement.[2] Because Petitioner is no longer detained by Respondents,

---

[1] ECF No. 3.
[2] ECF No. 1.

his petition is moot.³ The Court therefore denies Petitioner's writ of habeas corpus and dismisses this case as moot.

**SO ORDERED**.

**SIGNED** and **ENTERED** on February 25, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

³ *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (stating that a habeas petition becomes moot when the habeas relief requested can no longer be effected); *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("'[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (citation omitted)).